No. 5741.

THE SCOTTISH UNION AND NATIONAL INSURANCE COMPANY *v.* C. H. CLANCY.

1. INSURANCE.—Where by the terms of a policy of insurance it is stipulated as a condition precedent to a right of action by the insured that the amount of damage in case of injury or destruction by fire shall be appraised on demand of either party to the contract of insurance, and that the report of such appraisement, under oath, should be made a part of the proofs of loss and furnished to the insurer, no action can be maintained if the insured, on demand made for such appraisement, refuses to comply therewith, there being no fraud, accident or mistake.

2. SAME.—When the policy stipulates that such appraisement shall be made a part of the proofs of loss, and that the loss shall not be payable until after such proofs are furnished, the appraisement and proofs of loss are conditions precedent to the right to recover on the policy.

3. SAME—WAIVER.—An acceptance by the local agent of the insurer, of the inventory of lost goods without objection, his inspection and par-

---

---

tial adjustment of the loss, and his offer to pay a sum certain in satisfaction of the claim for damage, will not constitute a waiver of the proof of loss required by the policy, if such agent at the time notified the insured, that he expected and required the proofs of loss stipulated for by the contract.

APPEAL from Dallas. Tried below before the Hon. George N. Aldridge.

*Crawford & Crawford,* for appellant: To constitute a waiver of proofs of loss, where the presentation of the same is a condition precedent to the right of the insured to recover, as in this case, there must be a distinct denial of liability under the contract, or an unqualified refusal to pay the loss. (East Texas Fire Insurance Company v. Coffee, 61 Texas, 293; May on Insurance, sec. 469; Beatty v. Lycoming Insurance Company, 66 Pa. State; Id., 5 Am. Rep., 319.)

The parties to a contract may fix on any mode they may think fit to liquidate damages in their own nature unliquidated, and in such case no recovery can be had until the prescribed method has been pursued or some valid excuse is shown for not pursuing it. (United States v. Robeson, 9 Peters, 325; May on Insurance, sec. 493; Holmes v. Richet, 56 Cal., 307; Canal Company v. Pennsylvania Coal Company, 50 N. Y., 250; Hudson v. McCartney, 33 Wis., 332; Old Saucelito Land and Dry Dock Company v. Commercial Insurance Company, Sup. Ct. Cal., December, 1884, West Coast Rep.; see Aspley v. Thomas, 17 Texas, 296, for remarks of Judge Lipscomb upon the validity of such agreements.

*R. E. Cowart,* for appellee: A denial of liability, a refusal to pay, not alleging as a ground therefor a failure to furnish proofs of loss, an adjustment, an examination of the property burned and damaged and an offer afterwards of a sum in settlement of the damage, are each and all of them a waiver of proof of loss. (Georgia Home Insurance Company v. Jacobs, 56 Texas, 373; East Texas Fire Insurance Company v. Dyches, 56 Texas, 565; Home Insurance and Banking Company v. Myer, 93 Illinois, 271; Little v. Phœnix Insurance Company, 123 Mass., 380; Badger v. Phœnix Insurance Company, 49 Wis., 896.)

The evidence shows that there was a waiver of proof of loss. (Appendix, Rev. Stats., p. 44.)

The court erred in holding that the inventory furnished as a proof of loss was not, under the evidence in this case, a proper proof of loss, but erred in favor of the appellant. (Taylor v. Merchant Insurance Company, How., U. S., 404; Ripley v. Astor, 17 How., United States, 444; Priest v. Citizens Insurance Company, 3 Allen, Mass., 604; Heath v. Franklin Insurance Company, 1 Cushing, Mass., 265; Fowle v. Springfield Insurance Company, 122 Mass., 191, which holds that the provision that proof of loss should set forth the interest that is directory only; Little v. Phœnix Insurance Company, 123 Mass., 380; Ætna Fire Insurance Company v. Taylor, 16 Wend., N. Y., 401; Cornel v. Leroy, 9 Wend., N. Y., 163; Turley v. North American Fire Insurance Company, 25 Wend., N. Y., 375; Bodle v. Chenango Insurance Company, 2 Com., N. Y., 53; Kenney v. Home Insurance Company, 71 N. Y., 396; Titus v. Glenn Falls Insurance Company, 81 New York, 410; Badger v. Glenn Falls Insurance Company, 49 Wis., 389; Franklin Fire Insurance Company v. Chicago Ice Company, 36 Md., 102; same case, 11 Am. Rep., 469; Mason v. Citizens Insurance Company, 10 W. Va., 572; Phœnix Insurance Company v. Tucker, 92 Ill., 64; Jones v. Mechanics Fire Insurance Company, 36 N. J., 29; same case, 13 Am. Rep., 405; Wood on Fire Insurance, sec. 417, 418, et seq.)

The clause providing for an appraisal is collateral and subsequent to the contract of insurance, is not a condition precedent and is not binding. (Stephenson v. Piscataqua Insurance Company, 54 Maine, 69, 70, 71; Abbott's Trial Evidence, p. 482, par. 9; Franklin Insurance Company v. Vaughn 92, United States, 516; Liverpool, London and Globe Insurance Company v. Creighton, 51 Ga., 94; Langdell's Summary of Law of Contracts, p. 148; Morse on Arbitration and Award, sec. 89 and 90; Wood on Fire Insurance, see 430 and note; May on Insurance, secs. 492–495; Canfield v. Watertown Fire Insurance Company, 55 Wis., 419; Knaus v. Jenkins, 11 Vroom, N. J., 288; Broom's Legal Maxims, 7 ed., pp. 736, 737; Gibbs v. Continental Insurance Company, 20 N. Y., Sup. Ct., Hun., 611.)

ACKER, JUDGE.  Appellant, by its policy of insurance issued to appellee, contracted to insure him against loss or damage by fire in the sum of one thousand dollars, or not exceeding the value of the loss or damage.  Appellee's stock was damaged by fire, and immediately thereafter he gave notice to the local

agent of appellant, who, with the adjuster for the company, visited the premises, inspected the stock and adjusted the damages upon a portion of the goods. Failing to agree in their estimates of damage, the attempt at adjustment was abandoned, and the adjuster, who was also adjuster for another company carrying one thousand dollars insurance upon the same goods, offered appellee eight hundred and fifty dollars in settlement of his claims against the two companies. The proposition was declined, and this suit was brought July 25, 1884, to recover the amount of the policy.

The attempt to adjust the damage was made on the twentieth of May, 1883. On the twenty-ninth of the same month, appellee handed to the local agent an inventory of the goods which were claimed to have been damaged and destroyed by fire, amounting to three thousand one hundred and twenty-five dollars and fifty-two cents. This inventory was sworn to as being complete and correct.

On the nineteenth of May, and again on the twenty-second of May, appellant's adjuster made written demand on appellee for an appraisement of the loss under the terms of the policy, and in each demand notified appellee that the company did not waive compliance with any of the requirements of the policy. Appellee refused to submit to an arbitration or appraisement of the amount of damage and loss. No formal proofs of loss were furnished by appellee, as required by the policy. The policy of insurance contains the following stipulations:

"Loss or damage to property partially or totally destroyed, unless the amount of such damage is agreed upon between the assured and the company, shall be appraised by disinterested and competent persons, one to be selected by the company and one by the assured, and, when either party demand it, the two so chosen may select an umpire to act with them in case of disagreement; and, if said appraisers fail to agree, they shall refer the differences to said umpire, each party to pay their own appraiser and one-half of the umpire's fee; and the award of any two, in writing, shall be binding and conclusive as to the amount of such loss or damage."

And also: * * * "And upon each article the damage shall be separately appraised, * * * and the report of the appraisers in writing under oath shall form a part of the proofs of loss hereby acquired, and until such proofs * * * are

produced  *  *  *  and appraisal permitted the loss sustained shall not be payable."

The policy contains the farther provision that: "The amount of loss or damage  *  *  *  *  to be paid to assured, or his legal representatives, sixty days after due notice and satisfactory proofs of the same are made by the assured and received at their office in Hartford in accordance with the terms of this policy."

It is contended by appellant that the suit was prematurely brought.

1.  Because, no proofs of loss had been furnished, as required by the terms of the policy, and,

2.  Because of appellee's refusal to submit to appraisement the amount of loss and damage sustained.  Upon the part of appellee it is contended that the inventory of goods lost and damaged furnished to appellant's agent was sufficient proof of loss, and,

3.  If the inventory was not sufficient proof of loss then the acceptance of it by appellant's agent without indicating any objection thereto, together with the inspection of the premises, the adjustment of the damage to a portion of the goods and the offer to pay eight hundred and fifty dollars in full of loss and damage, were a waiver of any other, or further proof of loss, and of the appraisement by the assured and received at their office in Hartford in accordance with the terms of this policy.

By the express terms of the contract it was made conditions precedent to the right of action by appellee, that the damages to the goods should be appraised upon demand of either party to the contract, and that the report of such appraisement, under oath, should be made a part of the proofs of loss, which were required by the policy to be furnished to appellant.

It is not denied that appellant made proper demand to have the damages appraised, nor that appellee refused to comply with the demand.  However injudicious it may be for parties to bind themselves by such agreement, it seems to be well settled that, having done so, they can not disregard it.  If the stipulation was to deny or repudiate the jurisdiction of the courts to determine the rights and liability of the parties arising upon the contract, we would hold, with the weight of authority, such stipulation void.  But here the stipulation does not divest the courts of jurisdiction, but only binds the parties

to have the *extent* or *amount* of the loss determined in a particular way, leaving the question of liability for such loss to be determined, if necessary, by the courts. In the absence of fraud, accident or mistake, the parties having agreed that the amount of loss should be determined in a particular way, we are constrained to hold that such stipulation is valid, and as the contract requires that the report of the appraisement of loss shall be made a part of the proofs of loss, and that the loss shall not be payable until after such proofs are furnished, we must hold that such appraisement and proofs of loss are conditions precedent to right of action by the assured. (Holmes v. Richet, 56 Cal., 307; The President, etc., v. Coal Company, 50 N. Y., 250; Herrick v. Belknap, 27 Vt., 673; U. S. v. Robeson, 9 Peters, 319; Hudson v. McCartney, 33 Wis., 345; May on Ins., sec. 493.)

But it is insisted by appellee that the stipulation for appraisement of the amount of loss, as well as the formal proofs of loss, were waived by appellant. The acts relied upon as constituting the waiver are: The inspection and partial adjustment of the loss, the offer to pay a certain sum in satisfaction of the damage, and the acceptance of the inventory of lost and damaged goods without objection. It is not denied that these acts were performed by a duly authorized agent of appellant.

The agent to whom the inventory of lost and damaged goods was delivered, testified that, on receiving the inventory, he notified appellee that the company expected and required proofs of loss, as required by the terms of the policy. This is not contradicted by appellee. To constitute waiver the acts relied on must be such as are reasonably calculated to induce the assured to believe that a compliance by him with the terms and requirements of the policy is not desired, or would be of no effect if performed. The acts relied on must amount to a denial of liability, or a refusal to pay the loss. (East Texas Fire Ins. Co. v. Coffee, 61 Texas, 292; May on Ins., sec. 469.)

It does not appear that appellant at any time denied its liability or refused to pay whatever amount of loss and damage might be determined in the manner required by the policy to be due to appellee. We think the court erred in charging the jury that the acts relied on by appellee constituted a waiver of the proofs of loss as required by the policy, and in refusing to give the special instruction requested by appellant as to the

effect of the stipulation in the policy that the amount of the loss or damage should be determined by appraisement.

For the errors indicated, we are of opinion that the judgment of the court below should be reversed and the cause remanded.

*Reversed and remanded.*

Opinion adopted May 29, 1888.