

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-13-00151-CV

TEXAS FARM BUREAU CASUALTY
INSURANCE COMPANY, APPELLANT

V.

BRITTNI SAMPLEY, APPELLEE

On Appeal from the 181st District Court
Randall County, Texas
Trial Court No. 65,222-B, Honorable John B. Board, Presiding

May 26, 2015

## MEMORANDUM OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Appellant Texas Farm Bureau Casualty Insurance Company challenges the trial court's order denying its request for removal of the appraiser selected by appellee Brittni Sampley. Sampley cross-appeals, seeking a determination she is entitled to recover her attorney's fees. We will affirm the orders of the trial court.

## Background

Texas Farm Bureau insured Sampley's vehicle under a Texas personal automobile policy. The vehicle suffered hail damage and, when the parties disagreed over the cost of repairs, Sampley invoked the appraisal provision in the policy. It requires each party to select a "competent appraiser." Each party selected an appraiser. After being notified of Sampley's choice of Robert Batt as her appraiser, Texas Farm Bureau sent her a letter advising her choice was "unacceptable as Mr. Batt is an employee of Bernard's Advanced Collision, the body shop who repaired your vehicle. Texas law not only requires appraisers to be competent, but also disinterested in the outcome of the appraisal process." The letter asked Sampley to "inform us once you have selected a disinterested appraiser." When Sampley declined to change appraisers, Texas Farm Bureau filed suit asking the trial court to remove Batt as appraiser. The parties stipulated Batt "is not disinterested as to the appraisal of the loss at issue because he is employed by Bernard's Advanced Collision and that company will be paid from the results of the appraisal." Sampley filed a counterclaim asserting Texas Farm Bureau had breached the insurance contract and seeking attorney's fees.

Both sides filed motions for summary judgment. Resolving the motions, the trial court denied Texas Farm Bureau's request to remove Batt as Sampley's appraiser. The court issued a further order stating in part that it "sees no requirement that an appraiser in this appraisal process must be both competent and disinterested and will not impose such a requirement." The court also denied Sampley's request for attorney's fees. After related claims were dismissed, both parties appealed.

Analysis

Texas Farm Bureau's Appeal

Texas Farm Bureau's brief presents an issue asking whether an appraiser in an insurance appraisal must be financially disinterested in the results of the appraisal.

Sampley's policy with Texas Farm Bureau contains the following appraisal clause:

APPRAISAL

If we and you do not agree on the amount of loss, either may demand an appraisal of the loss. In this event, each party will select **a competent appraiser**. The two appraisers will select an umpire. The appraisers will state separately the actual cash value and the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will: 1. Pay its chosen appraiser; and 2. Bear the expenses of the appraisal and umpire equally. We do not waive any of our rights under this policy by agreeing to an appraisal.

(Emphasis ours).

The facts as to this issue are undisputed. Texas Farm Bureau's issue presents a question of law we review *de novo*. *El Paso Natural Gas Co. v. Minco Oil & Gas, Inc.,* 8 S.W.3d 309, 312 (Tex. 1999).

In support of its position Texas law requires appraisers to be both competent and disinterested, even in the absence of policy language requiring appraisers to have both attributes, Texas Farm Bureau brings two contentions: it argues the Supreme Court of Texas recognized appraisal as a quasi-judicial proceeding in its 1919 opinion in

3

*Delaware Underwriters v. Brock*[1] and held that appraisers must be disinterested even if the policy does not contain the requirement; and it argues the express requirement of competency, in the case of appraisers, includes a requirement of disinterestedness.

*Delaware Underwriters* involved a dispute between an insurance company and its insured, Brock. The company defended Brock's suit on the policy in part by asserting Brock had wrongfully refused to permit an appraisement and thus could not maintain his suit. 211 S.W. at 779. The trial court submitted to the jury the special issues whether the appraisers appointed by Brock and the company were, as the policy required, "competent and disinterested" appraisers. The jury found neither was competent and disinterested. *Id.* at 780. The Supreme Court of Texas found the evidence supported the jury's finding that the company's designated appraiser was not disinterested, and found that by its insistence on a disqualified person as appraiser the company waived its contractual right to require their dispute to be resolved by appraisal. *Id.* at 781.[2] In the course of its discussion, the court quoted at length from an opinion of the Alabama Supreme Court,[3] on the meaning and importance of disinterestedness on the part of appraisers. 211 S.W. at 780-81. Texas Farm Bureau points to that discussion as demonstrating that Texas law imposes the requirement of disinterestedness.

As Sampley points out, the difficulty with Texas Farm Bureau's position, however, is that the appraisal clause in the policy in *Delaware Underwriters* expressly

---

[1] 109 Tex. 425, 211 S.W. 779 (1919).

[2] *See In re Universal Underwriters of Tex. Ins. Co.,* 345 S.W.3d 404, 407 (Tex. 2011, orig. proceeding); *State Farm Lloyds v. Johnson*, 290 S.W.3d 886, 889 n.13 (Tex. 2009) (both so describing holding of *Delaware Underwriters*).

[3] *Hall Bros. v. Western Assurance Co.*, 133 Ala. 637, 32 So. 257, 258 (1901).

required appraisers to be both competent and disinterested, as did the policy in the Alabama case it quoted.[4]

In its 2009 opinion in *State Farm Lloyds v. Johnson*, an appraisal case, the Supreme Court of Texas included a brief history of appraisal clauses in Texas.[5] Its quote from its earliest opinion concerning such clauses, the 1888 opinion in *Scottish Union & National Insurance Co. v. Clancy*,[6] emphasizes the contractual nature of the appraisal right.[7]

Texas Farm Bureau also relies on *Central Life Ins. Co. v. Aetna Cas. & Surety Co.,* in which the Iowa Supreme Court found an appraisal agreement did not override the requirement stated in the insurance policy that appraisers be disinterested. 466 N.W.2d 257, 261-62 (Iowa 1991). The Iowa court cited its previous holding that "[a]n inherent qualification for a quasi-judicial decision-maker is disinterest in the result." *Id.* at 261 (citation omitted). Assuming that the Iowa court would have reached the same decision even if the insurance policy had not required disinterested appraisers, to us, its decision merely demonstrates that the states have taken different approaches to the

---

[4] *Hall Bros.*, 32 So. at 257.

[5] The court's opinion in *Universal Underwriters,* 345 S.W.3d at 406-07, similarly notes that appraisal clauses are "commonly found in homeowners, automobile, and properties policies in Texas . . . ."

[6] 71 Tex. 5, 8 S.W. 630 (1888).

[7] The court quoted these words from its opinion in *Scottish Union*, 8 S.W. at 631:

However injudicious it may be for parties to bind themselves by such agreement, it seems to be well settled that, having done so, they cannot disregard it . . . . In the absence of fraud, accident, or mistake, the parties having agreed that the amount of loss shall be determined in a particular way, we are constrained to hold that such stipulation is valid . . . .

*State Farm Lloyds,* 290 S.W.3d at 888.

issue of the required qualifications of appraisers. *See, e.g., Hozlock v. Donegal Cos.,* 745 A.2d 1261, 1264 (Pa. Super. Ct. 2000) (stating the court in *Central Life Ins.* "hinted" its holding would have been the same regardless of the inclusion of the word "disinterested," and discussing other cases).

In sum, we do not agree that *Delaware Underwriters* or the other authorities[8] cited by Texas Farm Bureau require that every appraiser appointed under a Texas insurance policy have the attribute of disinterestedness, regardless of the policy's language.[9]

"It is settled law in this state that contracts of insurance in their construction are governed by the same rules as other contracts, and that terms used in them are to be given their plain, ordinary and generally accepted meaning unless the instrument itself shows them to have been used in a technical or different sense." *Western Reserve Life Ins. Co. v. Meadows*, 261 S.W.2d 554, 557 (Tex. 1953); *see Gilbert Tex. Constr., L.P. v. Underwriters at Lloyd's London,* 327 S.W.3d 118, 126 (Tex. 2010) (noting "principles courts used when interpreting an insurance policy are well established"). Courts examine the language of the policy because we presume that the language of the

---

[8] We also have reviewed the insurance law treatise language Texas Farm Bureau cites, 6 J.A. Appleman & J. Appleman, Insurance Law and Practice § 3927 (1972).

[9] *Delaware Underwriters* was quoted and applied in *Pennsylvania Fire Ins. Co. v. W. T. Waggoner Est.*, 39 S.W.2d 593, 594 (Tex. 1931) and applied in *Milwaukee Mechanics' Ins. Co. v. West Develop't Co.* 275 S.W. 203, 204 (Tex. Civ. App.—Waco 1924, modified on other grounds by 282 S.W. 562 (Tex. 1926)). The policies at issue in both those cases also required that the insured and insurer select competent and disinterested appraisers. That the policies quoted in the 2009 opinion in *State Farm Lloyds*, 290 S.W.3d at 887-88, and the 2011 opinion in *Universal Underwriters,* 345 S.W.3d at 406, likewise stated the requirement for competent and disinterested appraisers further cuts against Texas Farm Bureau's implication that insurers have understood Texas law to require disinterested appraisers since the 1919 *Delaware Underwriters* decision. *See also General Star Indem. Co. v. Creek Vill. Apartments Phase V, Inc.,* 152 S.W.3d 733, 737 (Tex. App.—Houston [14th Dist.] 2004, no pet.) (policy required selection of a "competent and impartial appraiser").

contract reflects the intentions of the parties, and we review the entire agreement and seek to harmonize and give effect to all provisions so that none will be meaningless. *Gilbert Tex. Constr., L.P.,* 327 S.W.3d at 126.   Courts strive to honor the parties' agreement and not remake their contract by reading additional provisions into it. *Id. (citing Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Crocker,* 246 S.W.3d 603, 606 (Tex. 2008)).

We turn to Texas Farm Bureau's second contention, by which it argues that the policy's requirement for a competent appraiser also includes the requirement of disinterestedness, that is, the competent appraiser required by the policy language also must be disinterested.  Neither party argues the issue is one of ambiguity, and we agree the policy language is not ambiguous.  An ambiguity does not arise merely because the parties offer conflicting interpretations of the policy language.  *Am. Mfrs. Mut. Ins. Co. v. Schaefer,* 124 S.W.3d 154, 157 (Tex. 2003).

Texas Farm Bureau does not contend that the ordinary and generally accepted meaning of the word competent includes the concept of disinterestedness.  It argues that the word carries that meaning in the appraisal clause in the policy of insurance, in other words, that when used in the appraisal clause the word competent is used in the technical or different sense of including a requirement of disinterestedness.  *Gilbert Tex. Constr., L.P.*, 327 S.W.3d at 126.  For Texas Farm Bureau, a competent appraiser also must be a disinterested appraiser.

For support, Texas Farm Bureau points out that the appraisal clause "does not expressly require any of the three members of the appraisal tribunal to be disinterested.

7

It provides no express requirements for the umpire at all. However, just because the policy does not expressly require impartial, unbiased, financially disinterested members does not mean that partiality and financial interest are acceptable. Partiality and financial interest defeat the very purpose of the appraisal process." Texas Farm Bureau's argument here is merely a restatement of its first contention, that the law requires disinterested appraisers regardless of the policy language chosen by the parties. In this section of its brief, it cites *Delaware Underwriters,* 211 S.W. at 780, and an Indiana opinion, *Farmers' Conservative Mut. Ins. Co. v. Neddo.*[10]

Other case law draws a distinction between competence and disinterestedness in appraisers.[11] *See, e.g., Hozlock,* 745 A.2d at 1264 ("[a] holding that the two words mean the same would ignore the reality of the tri-party appraisal process that, in a great majority of cases, some amount of partiality exists between an insured and his appraiser" and noting that if insurer had desired, "it could have explicitly contracted for completely neutral appraisers").[12] Just as we have concluded Texas case law does not require disinterested appraisers when the parties have not included that requirement in their contract, we conclude also that the policy here does not require appraisers be

---

[10] 111 Ind. App. 1, 40 N.E.2d 401 (Ind. Ct. App. 1942) (stating "It is certainly essential in order to render a person competent as an arbitrator in a disputed matter, that he be disinterested and also impartial") (citation omitted).

[11] A law review article cited in *State Farm Lloyds*, 290 S.W.3d at 888 n.8, also draws the distinction between the terms competent and disinterested as applied to appraisers. UNDERSTANDING THE INSURANCE POLICY APPRAISAL CLAUSE: A FOUR-STEP PROGRAM, 37 U. Tol. L. Rev. 931, 940 (Summer 2006) ("The requirement that a party appraiser be both competent and disinterested provides for distinct and not interchangeable credentials") (citations omitted).

[12] The mandatory terms of policies of insurance may, of course, be affected by statute or administrative regulation. The court in *Hozlock,* 745 A.2d at 1264, noted a Pennsylvania statute requiring a standard appraisal paragraph. Neither party in this case contends that any Texas statute or regulation bears on the issue Texas Farm Bureau has raised.

disinterested merely by requiring that they be competent.  To do so would be to read into the policy a provision the parties did not include.

We overrule Texas Farm Bureau's issue on appeal.

Sampley's Cross-Appeal

Sampley poses the question on cross-appeal: "Whether the Trial Court erred in refusing to award Brittni Sampley, Insured, her attorney's fees after she prevailed upon her right to proceed without delay to appraisal without having to designate a new appraiser."

Sampley argues Texas Farm Bureau had a contractual and statutory duty to engage in the appraisal process in order to pay her covered claim timely. Instead of complying with its duty to handle and pay the claim in a timely fashion, Sampley argues, Texas Farm Bureau objected to her choice of Batt as her appraiser.  Because the trial court denied the company's request to remove Batt, Sampley contends she is entitled to her attorney's fees.  On appeal, she relies on section 38.001 of the Texas Civil Practice and Remedies Code and section 542.060 of the Texas Insurance Code. TEX. CIV. PRAC. & REM. CODE ANN. § 38.001 (West 2013); TEX. INS. CODE ANN. § 542.060 (West 2013).

Attorney's fees may not be recovered unless provided for by statute or by contract between the parties.  *Dallas Cent. Appraisal Dist. v. Seven Inv. Co.,* 835 S.W.2d 75, 77 (Tex. 1992). Section 38.001 of the Civil Practice and Remedies Code provides that a party may recover reasonable attorney's fees on a claim based on a

9

written or oral contract.[13] TEX. CIV. PRAC. & REM. CODE ANN. § 38.001(8) (West 2013).

Valid claims under section 38.001(8) may include claims involving the recovery of monetary damages and those for which a party recovers "at least something of value." *Haubold v. Med. Carbon Research Inst., LLC,* No. 03-11-00115-CV, 2014 Tex. App. LEXIS 2863, at *20-21 (Tex. App.—Austin Mar. 14, 2014, no pet.); *Woody v. J. Black's, L.P.,* No. 07-12-00192-CV, 2013 Tex. App. LEXIS 13062, *17-18, (Tex. App.—Amarillo Oct. 18, 2013) (mem. op.) (*citing Albataineh v. Eshtehardi,* No. 01-12-00671-CV, 2013 Tex. App. LEXIS 5406, at *3-4 (Tex. App.—Houston [1st Dist.] May 2, 2013, no pet.) (mem. op.)).

When asserting entitlement to attorney's fees, Sampley did not plead for damages or anything of value, or present to the trial court any evidence supporting her recovery of such. Rather she simply argued against Batt's removal and asked for attorney's fees. This is not a claim on which attorney's fees may be awarded under section 38.001. *See MBM Financial Corp. v. Woodlands Oper. Co.,* 292 S.W.3d 660, 663 (Tex. 2009) (discussing requirements for recovery of attorney's fees and noting "suits cannot be maintained solely for the attorney's fees; a client must gain something before attorney's fees can be awarded."); *Butler v. Arrow Mirror & Glass, Inc.,* 51 S.W.3d 787, 797 (Tex. App.—Houston [1st Dist.] 2001, no pet.) ("there must be a recovery of money, or at least something of value; otherwise, the attorney's fee award cannot be described as an 'addition' to the claimant's relief."). *See also Polansky v.*

---

[13] Sampley does not address the application of Section 38.006, concerning awards of attorney's fees in a case involving an insurance contract subject to certain provisions of the Insurance Code, including Chapter 542. TEX. CIV. PRAC. & REM. CODE ANN. § 38.006 (West 2013). Because of our disposition of Sampley's issue on appeal, we have no occasion to address that section.

*Berenji,* 393 S.W.3d 362, 368 (Tex. App.—Austin 2012, no pet.) (chapter 38 does not provide for the recovery of attorney's fees by a party who only defends against a claim); *Wilson & Wilson Tax Servs. v. Mohammed,* 131 S.W.3d 231, 240 (Tex. App.—Houston [14th Dist.] 2004, no pet.) (section 38.001 does not provide for attorney's fees for a party's successful defense against a claim).

With regard to section 542.060 of the Insurance Code,[14] we agree with Texas Farm Bureau that Sampley never asserted in the trial court she was entitled to attorney's fees under this provision and certainly did not recover any relief under the Insurance Code. More specifically, her motion for summary judgment did not assert she was entitled to attorney's fees, or any other relief, under section 542.060. We may not reverse the trial court's ruling on summary judgment on an issue not expressly presented to that court. TEX. R. CIV. P. 166a(c); *Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 675 (Tex. 1979).

We overrule Sampley's sole issue on cross-appeal.

---

[14] This section, contained in Subchapter B "Prompt Payment of Claims" of Chapter 542, provides:

(a) If an insurer that is liable for a claim under an insurance policy is not in compliance with this subchapter, the insurer is liable to pay the holder of the policy or the beneficiary making the claim under the policy, in addition to the amount of the claim, interest on the amount of the claim at the rate of 18 percent a year as damages, together with reasonable attorney's fees.

(b) If a suit is filed, the attorney's fees shall be taxed as part of the costs in the case.

TEX. INS. CODE ANN. § 542.060 (West 2013).

Conclusion

Having overruled Texas Farm Bureau's issue on appeal and Sampley's issue on cross-appeal, we affirm the orders of the trial court.


James T. Campbell
Justice