

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-17-00319-CV

IN RE ALLSTATE VEHICLE AND
PROPERTY INSURANCE
COMPANY

RELATOR

----------

ORIGINAL PROCEEDING
TRIAL COURT NO. 2017-000323-3

----------

## CONCURRING OPINION

----------

I agree with the majority that the trial court did not abuse its discretion by factually finding and legally concluding that relator Allstate Vehicle and Property Insurance Company waived its contractual right to invoke the appraisal clause in its policy with real party in interest Deniedra Jackson based on Allstate's delay and intentional conduct inconsistent with its right. I write separately to take issue with one of the holdings underlying the majority's conclusion.

The majority sets forth a thorough timeline of events leading up to the trial court's order denying Allstate's August 17, 2017 motion to compel an appraisal and motion to abate. In doing so, the majority holds that the point of impasse—the date the parties had a mutual understanding that neither party would negotiate further on the amount of Jackson's loss—was May 9, 2017, which was the date Jackson rejected Allstate's $4,000 offer and demanded $19,350.42 for the third time. *See generally In re Universal Underwriters of Tex. Ins.*, 345 S.W.3d 404, 408–10 (Tex. 2011) (orig. proceeding) (discussing point of impasse to determine whether insurer was entitled to compel appraisal).

An impasse occurs when there is a mutual understanding that neither party will negotiate further—the "breakdown of good-faith negotiations"—and is not equivalent to a mere disagreement over the amount of the loss. *Id.* at 408–10. "In other words, both parties must be aware that further negotiations will be futile." *Id.* at 409. Here, I believe the point of impasse occurred on July 26, 2017, when the trial court held the hearing on Allstate's motion to compel a seventh inspection of Jackson's property damage. Jackson zealously opposed the motion and argued that the request was a form of harassment. Allstate asserted that its six previous inspections occurred "when the parties were trying to work it out" and countered Jackson's harassment allegation by claiming that its requested inspection, which would be the seventh, was necessary for one reason: to prepare its expert witness for trial. At that point, it was clear that both parties knew Allstate was refusing to pay Jackson's claimed loss and was

2

pursuing trial as its single method to dispose of her property-damage claim. *See Scottish Union & Nat'l Ins. v. Clancy*, 8 S.W. 630, 632 (Tex. 1888); *see also Skypac Corp. v. Great Lakes Reins. (UK) SE*, No. 1:16-CV-115, 2016 WL 9414096, at *2 (E.D. Tex. Dec. 16, 2016) (order); *In re GuideOne Nat'l Ins.*, No. 05-15-00981-CV, 2015 WL 5050233, at *2 (Tex. App.—Dallas Aug. 27, 2015, orig. proceeding [mand. dism'd]) (mem. op.). Allstate argues that because it made another settlement offer to Jackson on August 14, 2017, its right to demand an appraisal was resurrected. If that logic were to prevail, neither an insured nor an insurer could rely on a waiver of the appraisal clause. The bell cannot be unrung.

With these comments, I concur in the court's denial of Allstate's petition for writ of mandamus.

/s/ Lee Gabriel
LEE GABRIEL
JUSTICE

DELIVERED: May 3, 2018

3