Petition
for Writ of Mandamus Conditionally Granted and Memorandum Opinion filed September
23, 2010.

 

In
The

Fourteenth
Court of Appeals



NO. 14-10-00709-CV



In Re Continental Casualty Company,
Relator



 



ORIGINAL
PROCEEDING



WRIT OF MANDAMUS



MEMORANDUM OPINION


On July 29, 2010, relator Continental Casualty
Company filed a petition for writ of mandamus in this court.  See Tex.
Gov’t Code Ann. §22.221 (Vernon 2004); see also Tex. R. App. P. 52.  In
the petition, relator seeks a writ of mandamus ordering the respondent, the
Honorable Thomas R. Culver, presiding judge of the 240th District Court of Fort
Bend County, to abate the underlying case and enforce the appraisal clause in
the insurance contract between Continental Casualty and its insured, the real party
in interest, Zoya Enterprises, Ltd..  We conditionally grant the writ.

I.  Background

Continental issued a commercial property insurance
policy to Zoya covering several pieces of commercial property, which Zoya
alleges were damaged by Hurricane Ike on September 13, 2008.  The policy
requires the insured to provide notice to Continental when a loss occurs by
providing a sworn proof of loss.  If the parties disagree as to the amount of
the loss, either party may demand an appraisal as provided in the policy’s
appraisal clause, which reads as follows:

If we and you disagree on the amount of loss, either may
make written demand for an appraisal of the loss. In this event, each party
will select a competent and impartial appraiser and notify the other of the
appraiser selected within 20 days of such demand. The two appraisers select an
umpire. If they cannot agree within 15 days upon such umpire, either may
request that selection be made by a judge of a court having jurisdiction: Each
appraiser will state the amount of loss. If they fail to agree, they will
submit their differences to the umpire. A decision agreed to by any two will be
binding. Each party will:

a. Pay its chosen appraiser; and

b. Bear the other expenses of the appraisal and umpire
equally.

If there is an appraisal,

a. You will still retain your right to bring a legal action
against us, subject to the provisions of the Legal Action Against Us Commercial
Property Condition; and

b. We will still retain our right to deny the claim.

II.  Analysis

A.  The Appraisal Process

Almost all insurance policies contain provisions
specifying appraisal as a means of resolving disputes regarding the “amount of
loss” for a covered claim.  See State Farm Lloyds v. Johnson, 290 S.W.3d
886, 888 (Tex. 2009).  As in this case, appraisal provisions generally provide
that either the insured or the insurer may demand an appraisal pursuant to the
terms of the policy.  See In re Allstate Cty. Mut. Ins. Co., 85 S.W.3d
193, 195 (Tex. 2002) (orig. proceeding).  Where an insurance contract mandates
appraisal to resolve the parties’ dispute regarding the value of a loss, and
the appraisal provision has not been waived, a trial court abuses its
discretion and misapplies the law by refusing to enforce the appraisal
provision.  Scottish Union & Nat’l Ins. Co. v. Clancy, 83 Tex. 113,
18 S.W. 439, 440 (1892).  More recently, the supreme court has expressed a
strong policy in favor of enforcing appraisal clauses in insurance contracts.  See
State Farm Lloyds, 290 S.W.3d at 891–93 (holding that insurer is bound by
appraisal clause to have amount of loss determined, even when dispute also
involves questions of causation).

The Texas Insurance Code mandates prompt payment of
claims.  See Tex. Ins. Code Ann. §§ 542.051–.061 (Vernon 2009).  An
insurer is required to acknowledge receipt of a claim, begin an investigation,
and request documentation from its insured within 15 days of notification of
the claim.  Tex. Ins. Code Ann. § 542.055(a) (Vernon 2009).  The insurer is to
notify the claimant in writing of the acceptance or rejection of the claim
within 15 days after it receives the required documentation for proof of loss.  Id.
§ 542.056(a).  If the insurer notifies the claimant it requires more time, the
acceptance or rejection must be made within 45 days of the notice.  Id.
§ 542.056(d).  Section 542.057 provides that a claim must be paid within five
business days after notice that the claim, or a part of the claim, will be
paid.  Tex. Ins. Code Ann. § 542.057(a) (Vernon 2009).  An insurer’s failure to
comply with the statutorily prescribed timeframes will subject the insurer to
damages, including interest on the amount of the claim and attorney’s fees.  See
Tex. Ins. Code. Ann. §§ 542.058(a), 542.060 (Vernon 2009).

 

B.  The Claim

Shortly after Hurricane Ike struck, Zoya reported
damage to 14 locations insured by Continental.  In November or December of
2008, Continental tendered payment on claims submitted for most of those
locations.  With regard to the locations on which Continental did not tender
payment, it was understood that the parties agreed with regard to the amount of
loss.  Five months later, on May 1, 2009, Zoya’s counsel sent a letter to
Continental informing Continental that it had been retained to represent Zoya
and was investigating the damages to the 14 locations caused by Hurricane Ike. 
The letter requested that Continental provide a payment log indicating all
payments made and to whom they were made.  Zoya further requested documentation
relating to the claims including all investigative reports regarding the
claims.  

On June 10, 2009, Continental’s attorney responded to
the May 1 letter stating that Continental had inspected the damage incurred as
a result of Hurricane Ike and listed co-insurance valuations relating to five
of the locations claimed to have been damaged.  Continental stated that those
locations were not properly valued or insured at the time of the loss.  The
letter contained a statement of reservation of rights in which Continental
stated its investigation of the claim was subject to a complete reservation of
all rights in the policy, and that Continental did not “intend to waive, and
expressly reserves, any and all rights or defenses that may be available to it
under the terms and conditions of the policy, the common law, or any applicable
statute.”

Another five months passed, and on November 4, 2009,
Zoya filed an original petition in which it alleged that Continental improperly
adjusted and mishandled Zoya’s damages claims on the original 14 locations plus
an additional eight locations.  Continental answered the suit and began
inspecting the locations to ascertain whether additional payments were
necessary.  The inspections occurred on December 8-10, 2009 and January 14-15,
2010.  Continental communicated its evaluation of the amount of loss associated
with Zoya’s Hurricane Ike losses on Friday, February 19, 2010.  On that day,
Zoya’s attorney sent an email to Continental’s attorney rejecting Continental’s
estimate of the amount of loss, and informing Continental that it would seek
the earliest possible trial date.  On February 24, 2010, Continental invoked
its right to appraisal, stating that, “[b]ased on your February 19, 2010 email
that I received, it is apparent that the parties disagree on the ‘amount of
loss’ associated with the above-referenced claims.”  

Also on February 24, 2010, Zoya filed a motion for
expedited trial setting.  Continental, on March 5, 2010, filed a motion to
compel appraisal and to stay proceedings pending appraisal.  Associate Judge
Pedro Ruiz initially heard the motion to compel appraisal and denied it. 
Continental appealed the ruling to the respondent district court judge who
affirmed Judge Ruiz’s decision.  Zoya argued at the hearing before the
respondent that Continental was using appraisal oppressively and had waived the
appraisal clause by failing to invoke it until months after suit was filed. 
Continental then filed this mandamus proceeding.

C.  Mandamus Review

Mandamus relief is available if the trial court
abuses its discretion, either in resolving factual issues or in determining
legal principles, when there is no other adequate remedy by law.  See Walker
v. Packer, 827 S.W.2d 833, 839–40 (Tex.1992).  A trial court abuses its
discretion if it reaches a decision so arbitrary and unreasonable as to amount
to a clear and prejudicial error of law, or if it clearly fails to analyze or
apply the law correctly.  In re Cerberus Capital Mgmt., L.P., 164 S.W.3d
379, 382 (Tex. 2005).

The refusal to enforce a contract according to its
terms constitutes an abuse of discretion that may be subject to mandamus
relief.  See, e.g., In re Prudential, 148 S.W.3d 124, 135 (Tex. 2004)
(jury waiver clause); In re Slavonic, 308 S.W.3d 556, 562 (Tex.
App.—Houston [14th Dist.] 2010, orig. proceeding) (appraisal clause).  The
Texas Supreme Court has held that a trial court’s failure to enforce an
appraisal clause is an error of law constituting an abuse of discretion that
cannot be remedied by appeal. Allstate, 85 S.W.3d at 195–96.

D.  Abuse of Discretion

Continental argues it is entitled to mandamus relief
compelling appraisal because the trial court abused its discretion in finding
that Continental waived the appraisal clause in its contract.  

In general, parties may waive contractual rights.  See
Perry Homes v. Cull, 258 S.W.3d 580, 593 (Tex.2008) (finding no waiver of
arbitration).  Waiver is the intentional relinquishment of a known right or
intentional conduct inconsistent with claiming that right.  In re General
Elec. Capital Corp., 203 S.W.3d 314, 316 (Tex. 2006) (orig. proceeding). 
Waiver is largely a matter of intent, and for implied waiver to be found
through a party’s actions, intent must be clearly demonstrated by the
surrounding facts and circumstances.  Jernigan v. Langley, 111 S.W.3d
153, 156–57 (Tex.2003); see also Van I.S.D. v. McCarty, 165 S.W.3d 351,
353 (Tex. 2005) (“While waiver may sometimes be established by conduct, that
conduct must be unequivocally inconsistent with claiming a known right.”).  Waiver
is ordinarily a question of fact, but when the facts are admitted or clearly
established, it becomes a question of law.  Tenneco, Inc. v. Enterprise
Prods. Co., 925 S.W.2d 640, 643 (Tex. 1996).  

The date of disagreement, or impasse, is the point of
reference to determine whether a demand for an appraisal is made within a
reasonable time.  Slavonic, 308 S.W.3d at 562.  In Slavonic, this
court determined that the date of impasse was the date the insured sent a
demand letter to the insurance company stating they did not accept the
insurance company’s valuation of their claim.  Id.  The insurance
company demanded appraisal six days later, which this court held did not waive
the right to appraisal.  Id. at 563.

In this case, Zoya alleges the parties reached an
impasse in late 2008, when Continental initially did not pay their claims on
some of the original 14 locations for which Zoya claimed damage.  Continental
argues that in late 2008 it was operating under the impression that Zoya was
satisfied with the claims paid and, if the parties had a dispute, it was as to
coverage, not amount of loss.  Zoya argues that Continental was put on notice
as to an impasse in May, 2009, when Zoya’s counsel sent a letter to Continental
informing Continental of their representation of Zoya.  The letter, however,
does not put Continental on notice that there is a dispute as to the amount of
loss.  Zoya finally argues that the last possible date of impasse was November
4, 2009, when it filed suit.  Both parties agree that the suit filed in
November 2009 was the first notice Continental received of the eight additional
locations that were added to Zoya’s claim.  The record further reflects that
the date of the suit is the date on which Continental was first put on notice
that there was a dispute as to the amount of loss.  Continental presented
evidence, which Zoya did not dispute, that it began inspecting all the
locations included in Zoya’s suit and did not conclude its investigation until
January 2010.  

On February 19, 2010, Continental communicated its
findings based on its investigation.  Zoya rejected those findings, at which
time, an impasse was reached.  Continental demanded appraisal five days later.

The test for waiver of the right to appraisal is set
forth in Scottish Union, in which the supreme court held:

To constitute waiver, the acts relied on must be such as
are reasonably calculated to induce the assured to believe that a compliance by
him with the terms and requirements of the policy is not desired, or would be
of no effect if performed. The acts relied on must amount to a denial of
liability, or a refusal to pay the loss.

71 Tex. at 10, 8 S.W. at
632.  Applying this established test, we conclude there is no evidence in this
record constituting waiver of the right to appraisal.  As in Scottish Union,
there is no evidence that Continental denied liability or that it would refuse
to pay the amount of loss that would be determined by appraisal.  See id. 
We find no evidence of the requisite intent necessary to establish waiver.  See
Jernigan, 111 S.W.3d at 156.  We conclude that the trial court abused its
discretion in finding Continental waived its right to enforce the appraisal
clause.  See Slavonic, 308 S.W.3d at 563; In re Security Nat’l Ins.
Co., 14-10-00009-CV; 2010 WL 1609247 (Tex. App.—Houston [14th Dist.] April
22, 2010, orig. proceeding) (memo. op.).

E.  Remedy

The insurance policy in this case specifically
provides that all requirements precedent to coverage must be met before suit is
filed.  Therefore, appraisal is a condition precedent to suit.  See State
Farm Lloyds, 290 S.W.3d at 894.  An insurer’s remedy to enforce a condition
precedent in its policy is abatement of the case.  Slavonic, 308 S.W.3d
at 564; Lidawi v. Progressive County Mut. Ins. Co., 112 S.W.3d 725, 735
(Tex. App.—Houston [14th Dist.] 2003, no pet.).  As in Slavonic, in
addition to the appraisal provision, the policy contained a provision requiring
compliance with the policy before a lawsuit could be brought.  In that case,
this court held that because appraisal is a condition precedent to suit,
abatement of the trial proceedings is appropriate.  Slavonic, 308
S.W.3d at 564.  The same holds true for this case.  Therefore, we conclude that
the trial court abused its discretion by denying Continental’s motion to compel
appraisal and stay the trial proceedings.

 

III.  Conclusion

We conditionally grant the petition for a writ of
mandamus.  We are confident that the respondent will stay trial proceedings,vacate
its order denying Continental’s request for appraisal and grant Continental’s motion
to compel appraisal.  The writ will issue only if the respondent fails to act
in accordance with this opinion.

 

 

                                                                                    

                                                                        /s/        John
S. Anderson

                                                                                    Justice

 

 

 

Panel consists of Justices Anderson, Frost, and Seymore.