Petition for Writ of Mandamus
Denied and Memorandum Opinion filed September 20, 2011.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-11-00726-CV

____________

 

IN RE CYPRESS TEXAS LLOYDS, Relator

 

 



ORIGINAL PROCEEDING

WRIT OF MANDAMUS

11th District Court

Harris County, Texas

Trial Court Cause No. 2010-41195

 

 

 



M E M O R
A N D U M   O P I N I O N

            This proceeding arises from a dispute over the amount of the
covered loss under a homeowner’s insurance policy.  On August 24, 2011, relator
Cypress Texas Lloyds, filed a petition for writ of mandamus in this court.  See
Tex. Gov’t Code § 22.221; see also Tex. R. App. P. 52.  In its petition,
Cypress Texas Lloyds asks this court to compel the respondent, the Honorable
Mike Miller, presiding judge of the 11th District Court of Harris County, to
abate the underlying proceedings until an appraisal to determine the amount of
the covered loss has been completed.  We deny the requested relief.

            Less than a month after Hurricane Ike damaged their home, Gary
and Linda Shepard, the real parties in interest, filed a homeowners’ insurance
claim with Cypress Texas Lloyds.  On October 2, 2008, Cypress Texas inspected
the Shepards’ home and paid the amount it believed was owing under the policy. 
On December 30, 2008, Cypress Texas sent a supplemental payment to the
Shepards.  On July 2, 2010, the Shepards filed suit, but did not serve Cypress
Texas until July 30, 2010.  On July 6, 2010, Cypress Texas received a notice
letter from the Shepards claiming economic damages, mental anguish damages, and
attorney’s fees.  Upon being served with the notice letter, Cypress Texas
invoked appraisal on July 13, 2010, and requested abatement of the case until
appraisal was completed.  On August 12, 2011, the trial court signed an order
granting the motion to compel appraisal, but denying the motion to abate the
litigation pending appraisal.

            Mandamus relief is available if the trial court abuses its
discretion, either in resolving factual issues or in determining legal
principles, when there is no other adequate remedy by law.  See Walker v.
Packer, 827 S.W.2d 833, 839–40 (Tex. 1992).  A trial court abuses its
discretion if it reaches a decision so arbitrary and unreasonable as to amount
to a clear and prejudicial error of law, or if it clearly fails to analyze or
apply the law correctly.  In re Cerberus Capital Mgmt., L.P., 164 S.W.3d
379, 382 (Tex. 2005).

             In In re Cont’l Cas. Co., No.
14-10-00709-CV, 2010 WL 3703664, at *5 (Tex. App.—Houston [14th Dist.] Sept.
23, 2010, orig. proceeding) (memo. op.), and In re Slavonic Mut. Fire Ins.
Ass’n, 308 S.W.3d 556, 564–65 (Tex. App.—Houston [14th Dist.] 2010, orig.
proceeding), this court granted mandamus relief as to both (1) the trial
court’s denial of an insurer’s motion to compel appraisal, and (2) the trial
court’s denial of an insurer’s request that that the case be abated during the
appraisal process.  But after this court issued these opinions, the Supreme
Court of Texas held that mandamus will not lie regarding the grant or denial of
a motion to abate under these circumstances.  Specifically addressing a motion
to abate for an insurance appraisal, the court held that “[t]he trial court’s
failure to grant the motion to abate is not subject to mandamus, and the
proceedings need not be abated while the appraisal goes forward.”  In re
Universal Underwriters of Texas Ins. Co., No. 10-0238, 2011 WL 1713278, *7
n. 5 (Tex. May 6, 2011); see also In re Cypress Tex. Lloyds, No.
14-11-00544-CV; 2011 WL 2650724 (Tex. App.—Houston [14th Dist.] July 7, 2011,
orig. proceeding); In re Liberty Mutual Group, Inc., No. 14-11-00310-CV;
2011 WL 2149482 (Tex. App.—Houston [14th Dist.] May 26, 2011, orig. proceeding)
(memo. op.). Therefore, the parts of our two prior opinions in which this court
granted mandamus relief as to the trial court’s failure to abate during the
appraisal process are no longer good law.  Compare In re Universal
Underwriters of Texas Ins. Co., 2011 WL 1713278, *7 n. 5, with In re
Cont’l Cas. Co., 2010 WL 3703664, at *5, and In re Slavonic Mut. Fire
Ins. Ass’n, 308 S.W.3d at 564–65.  

Relator has not established entitlement to the extraordinary
relief of a writ of mandamus.  Accordingly, we deny Cypress Texas Lloyds’
petition for writ of mandamus.

 

                                                                        PER
CURIAM

 

Panel
consists of Chief Justice Hedges and Justices Frost and Seymore.