### In re CYPRESS TEXAS LLOYDS, Relator.

### No. 01–11–00714–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Dec. 15, 2011.

challenging the trial court's order denying its motion to abate the underlying case[1] pursuant to an appraisal clause in a homeowner's insurance policy that it issued to real parties in interest, Mahendra and Daksha Parikh. In its sole issue, CTL contends that the trial court abused its discretion in "failing to abate the case after compelling appraisal pursuant to a mandatory, contractual appraisal clause."

We deny the petition for writ of mandamus.[2]

## Background

The Parikhs alleged that they sustained damage to their home as a result of Hurricane Ike, and they filed a homeowners' insurance claim with CTL. Contending that CTL had wrongfully denied, underpaid, and delayed in paying their claims, the Parikhs filed suit against CTL for breach of contract, violations of the Texas Insurance Code, and breach of the duty of good faith and fair dealing. CTL answered, generally denying the Parikhs' allegations and asserting that the Parikhs had failed to comply with the insurance policy's condition precedent of submitting to an appraisal. In its answer, CTL requested an abatement of the lawsuit until this policy condition was satisfied. CTL subsequently filed a Motion to Compel Appraisal and Abate Litigation. The trial court granted CTL's motion to compel appraisal, but denied CTL's motion to abate the lawsuit.

## Standard of Review

 Mandamus is an extraordinary remedy, which is available only when (1) a

Amber Lynn Anderson, The Mostyn Law Firm, Lauren N. Eddy, Warren W. Harris, Bracewell & Giuliani LLP, Houston, TX, Ann Maria Tomino Leblanc, Thomas M. Fountain, Thomas M. Fountain & Associates, Woodlands, TX, for Relator.

J. Steve Mostyn, Molly K. Bowen, The Mostyn Law Firm, Jennifer B. Hogan, Matthew E. Coveler, Richard P. Hogan Jr., Hogan & Hogan, L.L.P., Houston, TX, Melissa (Lisa) LeDoux Bruce, Bruce Law Firm, Magnolia, TX, Randal G. Cashiola, Cashiola & Bean, Beaumont, TX, for Real Parties in Interest.

Panel consists of Justices JENNINGS, BROWN, and SHARP.

## OPINION

TERRY JENNINGS, Justice.

Relator, Cypress Texas Lloyds ("CTL"), has filed a petition for writ of mandamus,

1. The underlying case is *Parikh v. Cypress Texas Lloyds*, No. 2009–35826, in the 11th District Court of Harris County, Texas, the Honorable Mike Miller presiding.

2. *See* Tex.R.App. P. 52.8(d) (providing that, when denying relief requested in petition for writ of mandamus, "court may hand down an opinion but is not required to do so").

trial court clearly abuses its discretion and (2) there is no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex.2004). A trial court clearly abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex.1992). With respect to a trial court's determination of legal principles, "a trial court has no 'discretion' in determining what the law is or applying the law to the facts." *In re Prudential*, 148 S.W.3d at 135 (quoting *Walker*, 827 S.W.2d at 840).

## Abatement

In its sole issue, CTL argues that the trial court abused its discretion in "failing to abate the case after compelling appraisal pursuant to a mandatory, contractual appraisal clause" because the appraisal provision in the policy is a condition precedent to filing suit and denying abatement of the lawsuit deprives it of "its contractual right to engage in an alternative dispute resolution process prior to the initiation of litigation." CTL also asserts that it has no adequate remedy by appeal.

The Texas Supreme Court recently considered a petition for writ of mandamus brought by an insurer that contended that a trial court had abused its discretion in denying its motion to compel an appraisal and abate a pending lawsuit. *In re Universal Underwriters of Tex. Ins. Co.*, 345 S.W.3d 404, 405–07 (Tex.2011). The supreme court noted that appraisal clauses, which are "commonly found in homeowners, automobile, and property policies" and "provide a means to resolve disputes about the amount" of a covered loss, are "generally enforceable, absent illegality or waiver." *Id.* at 406–07 (citing *State Farm Lloyds v. Johnson*, 290 S.W.3d 886, 888 (Tex.2009)). In rejecting the insured's arguments that the insurer had waived its appraisal rights under the policy, the court stated that an "appraisal must be invoked within a reasonable time" after the "parties have reached an impasse" and that a party seeking to establish a waiver of appraisal rights must show that the "failure to demand appraisal within a reasonable time" caused it prejudice. *Id.* at 410, 412. In regard to the abatement issue, the court stated that the "trial court's failure to grant the motion to abate" the case during the appraisal "is not subject to mandamus, and the proceedings need not be abated while the appraisal goes forward." *Id.* at 413, n. 5 (citing *In re Allstate Cnty. Mut. Ins. Co.*, 85 S.W.3d 193, 196 (Tex.2002)).

In *In re Allstate County Mutual Insurance Company*, the Texas Supreme Court considered a petition for writ of mandamus brought by an insurer that challenged a trial court's ruling that an insurance policy's appraisal clause was unenforceable on grounds of public policy. 85 S.W.3d at 194. In concluding that the trial court had abused its discretion because such clauses are enforceable, the court noted that appraisal "merely binds the parties to have the extent or amount of the loss determined in a particular way." *Id.* at 195 (citation omitted). In regard to the abatement issue, the court stated, "While the trial court's denial of the motion to invoke appraisal was error, the failure to grant the motion to abate is not subject to mandamus." *Id.* at 196. The court stated that the trial "proceedings need not be abated while the appraisal goes forward," and it explained that, "[w]hile the trial court has no discretion to deny the appraisal, the court does have some discretion as to the timing of the appraisal." *Id.*

CTL argues that the supreme court's statements regarding abatement in *In re Universal Underwriters of Texas Insur-*

ance Company and *In re Allstate County Mutual Insurance Company* are not controlling because neither case involved the "specific policy language" in the instant case that "requir[es] abatement." CTL asserts that the statements in *In re Universal Underwriters of Texas Insurance Company* pertaining to abatement are dicta because the abatement issue was not before the court.

The appraisal clause in CTL's policy provides,

> Appraisal. If you and we fail to agree on the actual cash value, amount of loss or the cost of repair, either can make a written demand for appraisal. Each will then select a competent, independent appraiser and notify the other of the appraiser's identity within 20 days of receipt of the written demand. The two appraisers will choose an umpire. If they cannot agree upon an umpire within 15 days, you or we may request that the choice be made by a judge of a district court of a judicial district where the loss occurred. The two appraisers will then set the amount of loss, stating separately the actual cash value and loss to each item.

> If the appraisers fail to agree, they will submit their differences to the umpire. An itemized decision agreed to by any two of these three and filed with us will set the amount of the loss. Such award shall be binding on you and us.

The CTL policy further provides that "[n]o suit or action can be brought unless the policy provisions have been complied with," "[a]ppraisal is required as a prerequisite before an insured can file suit related to Section I—Property Coverage," and "[a]ppraisal, no suit involving Section I—Property Coverage can be brought unless appraisal has been completed."

We recognize that, in its opinions in *In re Universal Underwriters of Tex. Insur-*

ance Company and *In re Allstate County Mutual Insurance Company,* the supreme court did not indicate that either of the policies contained language similar to the policy here. *See In re Universal Underwriters of Tex. Ins. Co.,* 345 S.W.3d at 406 (noting that policy language allowed for either party to demand "binding" appraisal, but making no mention of any policy term requiring appraisal before filing suit); *In re Allstate Cnty. Mut. Ins. Co.,* 85 S.W.3d at 195 (same). But, in regard to the abatement issue, both opinions state, without substantial explanation or analysis, that the "failure to grant the motion to abate is not subject to mandamus." *See In re Universal Underwriters of Texas Ins. Co.,* 345 S.W.3d at 413, n. 5. Neither opinion addresses in any significant detail whether the language of the policies at issue contained language identical to the policies here. Moreover, at the time it issued its opinion in *In re Universal Underwriters of Texas Ins. Co.,* the supreme court had already characterized the right to appraisal, at least in the general sense, as a condition precedent to suit. *See Johnson,* 290 S.W.3d at 894 (stating that "appraisal is intended to take place before suit is filed" and that "it is a condition precedent to suit") (citing *Scottish Union & Nat'l Ins. Co. v. Clancy,* 71 Tex. 5, 8 S.W. 630, 631–32 (1888)). Importantly, however, the supreme court made no effort to limit its broad statements that mandamus relief is not available to compel abatement during the pendency of an appraisal exercised pursuant to an insurance policy.

CTL urges us to consider the analysis set forth in two opinions from our sister court in which the court provided mandamus relief to compel abatement of the lawsuits pending the appraisals. *See In re Slavonic Mut. Fire Ins. Ass'n,* 308 S.W.3d 556, 562, 564–65 (Tex.App.-Houston [14th Dist.] 2010, orig. proceeding); *In re Cont'l*

*Cas. Co.*, No. 14–10–00709–CV, 2010 WL 3703664, at *5 (Tex.App.-Houston [14th Dist.] Sept. 23, 2010, orig. proceeding) (mem.op.). In *Slavonic*, the Fourteenth Court of Appeals acknowledged the general rule that the "failure to grant a motion to abate is not ordinarily subject to mandamus." 308 S.W.3d at 564. But, because the policy before the court in *Slavonic* required the insured to satisfy the policy terms before filing suit, the court held that the appraisal provision in the policy constituted a "condition precedent" and that abatement of the lawsuit was "appropriate." *Id.* at 565; *see also In re Cont'l Cas. Co.*, 2010 WL 3703664, at *5 (holding that terms of insurance policy rendered appraisal "condition precedent to suit" and that because "insurer's remedy to enforce a condition precedent in its policy is abatement of the case," mandamus relief compelling abatement of case was appropriate).

As CTL acknowledges, in light of the supreme court's more recent opinion in *In re Universal Underwriters of Texas Insurance Company* addressing the issue of abatement in the context of an appraisal, the Fourteenth Court of Appeals has since overruled the portions of its prior opinions in *In re Slavonic* and *In re Continental Casualty Company* granting mandamus relief "as to the trial court's failure to abate during the appraisal process." *See, e.g., In re Cypress Texas Lloyds*, No. 14–11–00713–CV, 2011 WL 4366984, at *1 (Tex.App.-Houston [14th Dist.] Sept. 20, 2011, orig. proceeding) (mem. op.) ("Therefore, the parts of our two prior opinions in which this court granted mandamus relief as to the trial court's failure to abate during the appraisal process are no longer good law."); *In re Liberty Mut. Group, Inc.*, No. 14–11–00310–CV, 2011 WL 2149482, at *1 (Tex.App.-Houston [14th Dist.] May 26, 2011, orig. proceeding) (mem. op.) ("Recently, the Texas Supreme

Court confirmed that mandamus will not lie regarding the grant or denial of a motion to abate.").

We agree with the Fourteenth Court of Appeals' more recent opinion recognizing that, pursuant to controlling authority from our supreme court, the trial court's denial of CTL's motion to abate pending the appraisal is not subject to mandamus. *See In re Cypress Texas Lloyds*, 2011 WL 4366984, at *1. Accordingly, we hold that CTL is not entitled to the relief requested in its petition.

We overrule CTL's sole issue.

### Conclusion

We deny CTL's petition for writ of mandamus.