**Petition for Writ of Mandamus Conditionally Granted and Memorandum Opinion filed September 10, 2013.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-13-00632-CV

---

### IN RE TEXAS WINDSTORM INSURANCE ASSOCIATION, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**412th District Court**
**Brazoria County, Texas**
**Trial Court Cause No. 71097**

---

## MEMORANDUM OPINION

On July 24, 2013, relator Texas Windstorm Insurance Association ("TWIA") filed a petition for writ of mandamus in this Court. *See* Tex. Gov't Code Ann. §22.221 (Vernon 2004); *see also* Tex. R. App. P. 52. In the petition, relator asks this Court to compel the Honorable W. Edwin Denman, presiding judge of the 412th District Court of Brazoria County, to vacate his order dated March 8, 2013, denying TWIA's motion to compel appraisal and direct him to compel appraisal.

TWIA also filed a motion to stay all trial court proceedings pending resolution of this proceeding. The real party in interest was requested to file a response by August 14, 2013. As of the date this memorandum opinion is being issued, the real party in interest has not filed a response to the petition for writ of mandamus.

This proceeding arises from a dispute in which the real party in interest and plaintiff below, Joseph Hayden, seeks recovery for property damage under an insurance policy issued by TWIA. He alleges that the damage was caused by hail and wind from a storm that occurred on April 4, 2012.

TWIA began investigating Hayden's insurance claim on April 10, 2012. Following an inspection by an independent adjustor, TWIA advised Hayden there was no damage to his property caused by hail, but there was wind damage. TWIA further advised Hayden the cost to repair did not exceed the deductible so no payment would be made.

On June 29, 2012, Hayden's insurance agent advised TWIA that a contractor had inspected the roof and found additional damage and estimated replacing the roof would cost $14,988.76. On August 17, 2012, an inspection was conducted by an engineering firm retained by TWIA. Subsequently, TWIA advised Hayden the property had sustained no additional damage related to wind or hail, so no further payments would be made.

On October 31, 2012, Hayden advised TWIA of his intention to file suit. On November 7, 2012, TWIA demanded appraisal. The appraisal provision in the insurance policy provides:

10.  Appraisal.  If you and we fail to agree on the actual cash value, amount of loss, or cost of repair or replacement, either can make a written demand for appraisal.

Hayden refused to participate and filed suit on January 3, 2013.  TWIA moved to compel appraisal but the motion was denied.

In his response to TWIA's motion to compel, Hayden argued that appraisal was not appropriate because this dispute focuses on coverage rather than the amount of loss.  Further, Hayden claimed TWIA waived its right to appraisal because it demanded appraisal only after being notified of his intention to file suit.

Where an insurance contract mandates appraisal to resolve the parties' dispute regarding the value of a loss, and the appraisal provision has not been waived, a trial court abuses its discretion and misapplies the law by refusing to enforce the appraisal provision. *Scottish Union & Nat'l Ins. Co. v. Clancy,* 83 Tex. 113, 18 S.W. 439, 440 (1892).  Mandamus relief is appropriate to enforce an appraisal clause because denying the appraisal would vitiate the insurer's right to defend its breach of contract claim. *In re Allstate Cnty. Mut. Ins. Co.,* 85 S.W.3d 193, 196 (Tex.2002).

We first address the waiver argument Hayden made in the trial court. Waiver is either the intentional relinquishment of a known right or intentional conduct inconsistent with claiming that right. *In re Slavonic Mut. Fire Ins. Assoc.,* 308 S.W.3d 556, 561 (Tex. App.—Houston [14th Dist.] 2010, orig. proceeding). Waiver based upon the length of delay before demanding an appraisal is determined from the point of impasse. *See In re Slavonic Mut. Fire Ins. Ass'n,* 308 S.W.3d 556, 562 (Tex. App.—Houston [14th Dist.] 2010, orig. proceeding).  For

impasse, both parties must be aware not merely that there is a disagreement, but also that further negotiations would be futile. *In re Universal Underwriters of Tex. Ins. Co.*, 345 S.W.3d 404, 409 (Tex. 2011) (orig. proceeding). If one party genuinely believes negotiations to be ongoing, it cannot have intended to relinquish its right to appraisal unless it expressly waives that right. *See Keesling v. W. Fire Ins. Co.*, 520 P.2d 622, 627 (Wash. App. 1974) (finding no waiver where, "insofar as the record shows, until the insured filed suit, the frame of mind of both parties welcomed additional communications and negotiations rather than confrontation").

In this case, the record does not show that TWIA was aware further negotiations would be futile until it received Hayden's notice that he intended to sue. TWIA demanded appraisal only seven days after receiving the notice, which is not a sufficiently lengthy delay to support a finding of waiver on this record. *Cf. In re Universal Underwriters of Tex. Ins. Co.*, 345 S.W.3d at 410 (holding no unreasonable delay where insurer demanded appraisal one month after date of impasse). Accordingly, we hold that the trial court clearly abused its discretion to the extent it found that TWIA waived its right to appraisal.

Hayden also argued below that appraisal was not appropriate because the dispute is not over the amount of loss or the cost of repair or replacement, but whether the roof damage was caused by the storm. But the record shows that TWIA also disputed the amount of loss, which it determined did not exceed the deductible.

Moreover, though appraisal addresses damages rather than coverage, the fact that a dispute implicates coverage in addition to the amount of loss does not

automatically preclude appraisal. *See State Farm Lloyds v. Johnson,* 290 S.W.3d 886, 890, 894 (Tex. 2009). Appraisers must allocate damages between covered and excluded perils; causation always is a consideration because an appraisal is for damages caused by a particular occurrence. *Id.* at 892. "Any appraisal necessarily includes some causation element because setting the 'amount of loss' requires appraisers to decide between damages for which coverage is claimed from damages caused by everything else." *Id.*

The appraisal provision in this policy may not be disregarded simply because coverage or causation issues about whether the storm caused the roof damage may overlap with issues about the amount of the loss and repair costs. Accordingly, we hold the trial court clearly abused its discretion in denying TWIA's motion to compel appraisal.

We therefore conditionally grant the petition for a writ of mandamus and direct the trial court to grant TWIA's motion to compel appraisal. The writ will issue only if the trial court fails to act in accordance with this opinion.

The motion for stay pending resolution of this proceeding is denied as moot.

PER CURIAM

Panel Consists of Justices Boyce, Jamison, and Busby.